ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **PROFESSIONAL ASPHALT, LLC.**<br><br>Recurrente<br><br>v.<br><br>**MUNICIPIO DE CATAÑO**<br><br>Recurrido<br><br><br>**MIGUELITO ASPHALT, INC.**<br><br>Licitador agraciado | KLRA202400443 | **REVISIÓN** procedente de la Junta de Subastas del Municipio Autónomo de Cataño<br><br><br>Subasta Núm: 17, Serie 2024-2025<br><br>Sobre: Adquisición de Asfalto, Repavimentación y Escarificación |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparece ante este Tribunal de Apelaciones, Professional Asphalt, LLC., (Professional Asphalt) y solicita que revisemos la adjudicación de la subasta Núm. 17, serie 2024-2025, sobre adquisición de asfalto, repavimentación y escarificación, emitida el 1 de agosto de 2024, por la Junta de Subastas del Municipio Autónomo de Cataño (Junta de Subastas). Mediante la misma, la Junta de Subastas adjudicó la referida subasta a Miguelito Asphalt, Inc.

Ahora bien, a poco examinar el dictamen recurrido, nos percatamos que este no cumplió con las obligaciones que el debido proceso de ley exige para toda notificación de adjudicación de subasta. En vista de ello, nos vemos precisados a devolver el caso a la Junta de Subastas para que dicho organismo emita y notifique nuevamente su dictamen, a tenor con los requisitos legales correspondientes.

**I.**

El 2 de mayo de 2024, el Municipio Autónomo de Cataño (Municipio) publicó el Aviso para la Subasta Núm. 17-2024-2025 sobre adquisición de asfalto, repavimentación y escarificación. Los siguientes licitadores sometieron sus respectivas propuestas: Puerto Rico Asphalt, LLC., Super Asphalt Pavement, Corp., PR Disposal 4 Contractor, Professional Asphalt LLC y Miguelito Asphalt, Inc. El aviso de la subasta constaba de la siguiente información: (1) Presentación de las Propuestas; (2) Normas para la subasta bajo consideración; (3) Adjudicación; (4) Aceptación; (5) Condiciones Especiales; y (6) Condiciones Específicas.

Las ofertas de los licitadores fueron evaluadas por miembros de la Junta de Subastas, tomando en consideración el estricto cumplimiento con los requerimientos puntuales esbozados en el pliego de la subasta, el precio de los servicios a otorgarse y las recomendaciones recibidas. Así las cosas, el 31 de mayo de 2024, la Junta de Subastas, teniendo el cuórum requerido, procedió a adjudicar todos los renglones de la subasta a la compañía Miguelito Asphalt, Inc., "en el mejor interés del Municipio".[1]

La Junta de Subastas apercibió a los licitadores de su derecho a solicitar la revisión judicial del acuerdo final y/o adjudicación de la subasta, mediante la presentación de un recurso de revisión judicial ante este Foro dentro del término jurisdiccional de 10 días, contados a partir del depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. Del aviso, no surge cual es la fecha del archivo en autos de la determinación de la Junta de Subastas.[2]

---

[1] Apéndice, págs. 1-3.

[2] El 5 de agosto de 2024, Professional Asphalt LLC solicitó al Municipio, entre otras cosas, que le mostrara la propuesta del licitador agraciado. En respuesta, el Municipio le permitió ver el expediente de adjudicación. No conforme con lo anterior, Professional Asphalt LLC solicitó, además, copia del Acta de Apertura de Subasta. Sin embargo, el Municipio se comunicó por correo electrónico

En desacuerdo con la decisión emitida, Professional Asphalt LLC recurre ante nos y en su escrito plantea que el ente administrativo cometió los siguientes errores:

> Erró la Junta de Subastas al emitir una notificación de adjudicación de subasta inadecuada, que no cumple con los requisitos de ley y reglamento.

> Erró la Junta de Subastas al adjudicar a un postor que no es el más bajo, sin justificación alguna.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[3] Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

En el caso de los municipios, la subasta tradicional y el requerimiento de propuestas (*Request for Proposal*) realizada por la Junta de Subastas se encuentran gobernados por la Ley Núm. 107 del 14 de agosto de 2020, conocida como el *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*, según enmendada, (Ley Núm. 107-2020)[4] y el *Reglamento para la Administración Municipal de 2016* (Reglamento Núm. 8873)[5]. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019). El derecho de revisión judicial que poseen los licitadores se encuentra de igual manera regulado por dichos cuerpos normativos y la jurisprudencia interpretativa.

En lo concerniente al asunto ante nuestra consideración, el Artículo 2.040(a) de la Ley Núm. 107-2020, relacionado a las funciones y deberes de la Junta de Subastas, dispone que:

---

informándoles que por la falta de personal, no podían entregar la documentación solicitada.

[3] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

[4] Antes Ley Núm. 81-1991, según enmendada, conocida como la *Ley de Municipios Autónomos de Puerto Rico,* 21 LPRA sec. 4001 *et seq.*

[5] Reglamento Núm. 8873 del 19 de diciembre de 2016 de la Oficina del Comisionado de Asuntos Municipales, conocido como Reglamento para la Administración Municipal de 2016.

[...]

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.[6]

21 LPRA sec. 7216.[7]

(Énfasis nuestro)

Por otro lado, el Reglamento Núm. 8873 detalla la información requerida en cada aviso de adjudicación de subasta o requerimiento de propuesta; a saber:

Sección 13: Aviso de Adjudicación de Subastas

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

**b) síntesis de las propuestas sometidas;**

**c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del

---

[6] La Ley Núm. 23-2023, añadió un inciso (f) al Artículo 1.050 de la Ley Núm. 107-2020. En lo que nos atañe, dicho inciso expone:
[...]

El Tribunal de Apelaciones revisará el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; **fecha de archivo en autos de la copia de la notificación y a partir de que fecha comenzará a transcurrir el término.** La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. (Énfasis nuestro).

[7] Resulta pertinente señalar que la Ley Núm. 170 del 30 de diciembre de 2020 enmendó los incisos (a) y (e)(7) del Art. 2.040 de la Ley Núm. 107-2020, con el propósito de añadir como opción la notificación vía correo electrónico.

término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

**e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.**

Parte II, Secc. 13(3) del Reglamento Núm. 8873, *supra.* (Énfasis nuestro).

En *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 537, el Tribunal Supremo de Puerto Rico expresó que,

… **[P]ara que la notificación de adjudicación de la Junta de Subastas sea adecuada, esta tiene que cumplir con varios requisitos de carácter jurisdiccional**. Esto es, la notificación de la adjudicación de la Junta de Subastas solo será correcta si: (1) es por escrito; (2) es enviada a los licitadores por correo regular y certificado con acuse; (3) advierte a los participantes el derecho a solicitar la revisión judicial ante el Tribunal de Apelaciones; (4) indica que el término de diez días para ir en alzada es de carácter jurisdiccional; (5) señala, además, dos fechas fundamentales, a saber: **(i) la del archivo en auto de la copia de la notificación de adjudicación y (ii) la relacionada con el depósito de la notificación en el correo y que a partir de esta última es que se activa el plazo para acudir al Tribunal de Apelaciones.** (Énfasis nuestro).[8]

Conforme con el Art. 1.050 del Código Municipal, antiguo Art. 15.002(2) de la Ley de Municipios Autónomos, y con la Sec. 13 del Reglamento Núm. 8873, la fecha a partir de la cual comenzará a transcurrir el término para presentar un recurso de revisión judicial tiene que constar explícitamente en la notificación de la adjudicación. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 537-538.

De otra parte, para que un tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo**, es imprescindible exigir que ella esté fundamentada, aunque sea**

---

[8] Es ineludible consignar que a partir de ese instante se activa el plazo jurisdiccional de diez días para solicitar la revisión judicial al foro apelativo intermedio. *PR Eco Park et al. v. Mun. de Yauco,* supra*,* pág. 538.

**de forma sumaria.** *Puerto Rico Asphalt v. Junta*, 203 DPR 734 (2019) (Sentencia), citando a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 877–888 (1999) (Énfasis nuestro). Además, una notificación fundamentada permite que los tribunales puedan "revisar efectivamente los fundamentos para determinar si la determinación de la junta ha sido arbitraria, caprichosa o irrazonable", más aún en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos. *L.P.C. & D., Inc. v. A.C.*, supra, a la pág. 879.

En armonía con lo anterior, recordemos que el derecho a cuestionar una subasta adjudicada es parte del debido proceso de ley. Por tanto, resulta indispensable que la notificación sea apropiada a todas las partes que les asiste tal derecho. La correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito *sine qua non* de un ordenado sistema *cuasijudicial.* Su omisión puede conllevar graves consecuencias. Por ende, la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado. Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 538-539.

Por último, como es sabido, la falta de jurisdicción sobre la materia es una defensa irrenunciable, la cual puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Los tribunales tenemos el deber de evaluar este tipo de planteamiento de forma rigurosa, toda vez que repercute sobre nuestra facultad para adjudicar la controversia. *PR Eco Park et al. v. Mun. de Yauco,* supra.

**III.**

En el caso ante nuestra consideración, Professional Asphalt arguye que el aviso de adjudicación de la subasta de referencia,

notificado por la Junta de Subastas del Municipio Autónomo de Cataño es defectuoso por no incluir los requerimientos de ley correspondientes. Particulariza que el Municipio no cumplió con mencionar las propuestas de cada uno de los licitadores y se limitó a determinar que todos los licitadores cumplieron con los requerimientos de las especificaciones, sin más. Le asiste la razón.

A pesar de que, en la notificación concernida, la Junta de Subastas cumplió con parte del contenido requerido por nuestro ordenamiento jurídico, esta incurrió en ciertas deficiencias fundamentales que inciden sobre nuestra jurisdicción apelativa. Del expediente surge que la Junta de Subastas notificó la adjudicación de la subasta al licitador agraciado, Miguelito Asphalt. Sin embargo, de su contenido se desprende que este no se fundamentó conforme establece nuestro ordenamiento jurídico. *Puerto Rico Asphalt v. Junta*, supra; *L.P.C.& D., Inc. v. A.C.*, supra. La Junta de Subastas no incluyó **una síntesis de las propuestas sometidas y tampoco los factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos**.[9] La Junta se limitó a incluir la siguiente información en el aviso de adjudicación:

> Las propuestas recibidas fueron evaluadas por los miembros de Junta de Subastas. Los licitadores cumplieron con los requisitos mínimos requeridos para ser consideradas. La Junta de Subastas adjudicó las partidas y/o renglones tomando en consideración el estricto cumplimiento con los requerimientos puntuales esbozados en el pliego de la subasta, el precio de los servicios a otorgarse y las recomendaciones recibidas. El 31 de mayo de 2024 la junta de subasta, teniendo el cuórum requerido, procedió a adjudicar todos los renglones de la subasta de referencia a la compañía Miguelito Asphalt, Inc., en el mejor interés del Municipio velando, en todo momento, por una sana administración pública.

Por otro lado, también surge del aviso de subasta que la Junta de Subastas advirtió a las partes que el término de 10 días para

---

[9] Apéndice, págs. 1-3.

recurrir en recurso de revisión judicial es jurisdiccional. No obstante, dicho ente: (1) no señaló en la determinación la fecha en que se archivó en los autos el original de la notificación del aviso; (2) no especificó la fecha en que fue depositada en el correo; y (3) no especificó que, a partir de esa fecha, comenzaría a transcurrir el término para acudir al Tribunal de Apelaciones.

Como vemos, el incumplimiento por parte de la Junta de Subastas provocó que la notificación emitida no se pueda considerar como una adecuada, válida y efectiva, pues para ello resultaba indispensable que se plasmara toda la información que nuestro estado de derecho requiere. Lo anterior incide sobre la facultad que ostentamos para ejercer nuestra función revisora cabalmente y sobre el término que posee la parte recurrente para presentar un recurso de revisión judicial.

Debido a la inobservancia de los postulados que gobiernan el asunto ante nuestra consideración, nos vemos precisados a desestimar el recurso de epígrafe por falta de jurisdicción. Devolvemos el caso a la Junta de Subastas del Municipio Autónomo de Cataño para que emita un dictamen que se atempere a los requerimientos instituidos por nuestro ordenamiento jurídico y lo notifique nuevamente a los licitadores. Solo así comenzará a transcurrir el término para que la parte recurrente inste su recurso y, consecuentemente, podamos revisar y resolver en los méritos de la causa. *PR Eco Park et al. v. Mun. de Yauco*, supra; *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 894 (2007); *L.P.C. & D., Inc. v. A.C.,* supra.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de referencia por falta de jurisdicción, por haber sido presentado prematuramente. Véase, Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83(C).

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones